IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHNNY REININGER, JR.** § § § | |
| Plaintiff, § | CIVIL ACTION NO: CIV-16-1241-D |
| vs. § § | |
| **STATE OF OKLAHOMA**, § § | JURY TRIAL DEMANDED |
| **OKLAHOMA STATE SENATE**, § § | |
| **BRIAN BINGMAN**, in his official capacity as President Pro Tempore of the State Senate, § § § § | |
| **OKLAHOMA HOUSE OF REPRESENTATIVES**, and § § § | |
| **JEFFREY HICKMAN**, in his official capacity as Speaker of the House of Representatives § § § § | |
| Defendants. § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Johnny Reininger, Jr., by and through undersigned counsel, respectfully files this Original Complaint and alleges as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiff, a deaf individual, brings this lawsuit against the State of Oklahoma, the Oklahoma State Senate, Brian Bingman in his official capacity as President Pro Tempore, the Oklahoma House of Representatives, and Jeffrey Hickman, in his official capacity as the Speaker of the House, alleging that they violated and remain in violation of Title II of the Americans with

1

Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.* and section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  Defendants stream online legislative proceedings for members of the public to view.  Defendants refuse to caption the audio content of their online streaming, denying Plaintiff meaningful access to the content of the legislative proceedings.  Plaintiff seeks declaratory and injunctive relief, compensatory damages, and attorneys' fees and costs.

## PARTIES

1. Plaintiff, Johnny Reininger, Jr., resides at 916 N Juniper Avenue, Midwest City, OK 73130.

2. Defendant State of Oklahoma has a bicameral legislative branch that consists of the State Senate and the State House of Representatives.

3. The State Senate is one of the two chambers of the Oklahoma legislature. Upon information and belief, the business address of Defendant State Senate is 2300 N Lincoln Boulevard, State Capitol Building, Oklahoma City, OK 73105.

4. Brian Bingman is the President Pro Tempore of the State Senate.  He is being sued in his official capacity only.

5. The State House of Representatives is one of the two chambers of the Oklahoma legislature.  Upon information and belief, the business address of Defendant House of Representatives is 2300 N Lincoln Boulevard, State Capitol Building, Oklahoma City, OK 73105.

6. Jeffrey Hickman is the Speaker of the House of Representatives.  He is being sued in his official capacity only.

7. Defendants are recipients of federal financial assistance.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

9. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391 because: (i) Mr. Reininger resides within the District; (ii) Defendants have sufficient contacts within this District to subject them to personal jurisdiction at the time this action is commenced; and (iii) the acts and omissions giving rise to this Complaint have occurred within this District.

## FACTUAL ALLEGATIONS

10. Plaintiff is deaf. He is substantially limited in the major life activities of hearing and speaking.

11. Plaintiff is a concerned citizen who tracks the status of legislative bills, including bills concerning disability access issues.

12. Defendants maintain websites allowing individuals to follow legislative proceedings online.

13. The State Senate maintains a website that shows live feed of legislative hearings and other proceedings before the State Senate via audio and/or video. The live feed is not captioned.

14. The State House of Representatives maintains a website that shows live feed of legislative hearings and other proceedings before the State House of Representatives via video and/or audio. The live feed is not captioned.

15. The State House of Representatives also maintains an archive of the video and audio of past legislative hearings and other proceedings. These archived proceedings are not captioned.

16. Plaintiff cannot hear or discriminate speech to understand aural content of online video and audio.

17. As a result of the lack of captioning, Plaintiff is not able to understand what is being said during legislative hearings and other proceedings shown online on Defendants' websites.

18. On or about March 17, 2015, Plaintiff sent an email to Brian Phillips, the ADA coordinator for the Oklahoma Senate, and Chelsea Celsor Smith, general counsel for the Oklahoma House of Representatives.  In this email, Plaintiff requested that Defendants provide captioning for live and archived videos on Defendants' websites to bring the websites into compliance with federal disability anti-discrimination law.

19. On or about April 10, 2015, Chelsea Celsor Smith sent Plaintiff an email stating that the House of Representatives had "conducted a review" and "concluded that the technology in question" was "non-compliant."  Ms. Smith outlined a plan to contract with vendors to provide captioning beginning in early 2016.

20. In an email to Plaintiff dated July 31, 2015, Leann Overstake, the then-ADA coordinator for the House of Representatives, stated that the House of Representatives would begin providing captioning online starting in February 2016.

21. However, in an email dated January 7, 2016, Jennifer Shockley, the new ADA coordinator for the House of Representatives, sent Plaintiff an email stating that the House of Representatives would not be providing any captioning alleging a budgetary shortfall.

22. On the Senate side, Brian Phillips, the ADA coordinator for the Senate, sent Plaintiff a letter dated April 1, 2015 citing budgetary concerns in declining to provide captioning.

23. As a result of Defendants' refusal to provide captioning on their websites, Plaintiff is unable to access legislative hearings and proceedings online.

24. As a result of Defendants' actions, Plaintiff has been injured and suffered emotional pain, suffering, mental anguish, and other nonpecuniary losses.

**COUNT I:  TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

25. Plaintiff repeats and realleges the foregoing paragraphs in support of this claim.

26. Mr. Reininger is substantially limited in the major life activities of hearing and speaking.  Accordingly, he is an individual with a disability as defined under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102(2).

27. Defendants are a State government and a department, agency, or other instrumentality of a State or State government; accordingly, Defendants are public entities as defined in 42 U.S.C. § 12131(1).

28. Title II of the ADA, 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

29. Pursuant to Title II of the ADA and its implementing regulations, public entities are required "to take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1).

30. Pursuant to Title II of the ADA and its implementing regulations, in order to achieve effective communication, public entities are to furnish appropriate auxiliary aids and services. 28 C.F.R. § 35.160(b)(1).

31. Defendants have and continue to discriminate intentionally against Plaintiff in violation of Title II of the ADA, 42 U.S.C. § 12132, by refusing to provide auxiliary aids and services necessary to ensure an equal opportunity for Plaintiff to participate in Defendants' programs and activities and to ensure effective communication with Plaintiff.

32. Due to Defendants' failure to provide an equal opportunity and ensure effective communication to him, Plaintiff has been and continues to be unable to access legislative information which is readily available to hearing persons.

33. As a result of Defendants' actions, Plaintiff has been injured and suffered emotional pain, suffering, mental anguish, and other nonpecuniary losses.

**COUNT II:  SECTION 504 OF THE REHABILITATION ACT**

34. Plaintiff repeats and realleges the foregoing paragraphs in support of this claim.

35. Plaintiff is a qualified individual with a disability.

36. Defendants are recipients of federal financial assistance.

37. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides that no qualified individual with a disability, solely by the reason of his or her disability, may "be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

38. Defendants have and continue to discriminate intentionally against Plaintiff by refusing to provide auxiliary aids and services necessary to ensure a meaningful opportunity for Plaintiff to participate in Defendants' programs and activities and to ensure effective communication with Plaintiff, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

39. Due to Defendants' failure to provide an equal opportunity and ensure effective communication to him, Plaintiff has been and continues to be unable to access legislative information which is readily available to hearing persons.

40. As a result of Defendants' actions, Plaintiff has been injured and suffered emotional pain, suffering, mental anguish, and other nonpecuniary losses.

## RELIEF

Plaintiff respectfully requests that this Court provide the following relief:

a. issue a declaratory judgment that Defendants' policies, procedures, and practices subjected Mr. Reininger to discrimination in violation of Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act;

b. enjoin Defendants from implementing or enforcing any policy, procedure, or practice that denies individuals who are deaf or hard of hearing, such as Plaintiff, full and equal enjoyment of and an equal opportunity to participate in and benefit from Defendants' services and programs;

c. enjoin Defendants from implementing or enforcing any policy, procedure, or practice that limits or restricts individuals who are deaf or hard of hearing, such as Plaintiff, from full and equal access to the video and audio streaming of legislative proceedings;

d. order Defendants to develop and comply with written policies, procedures, and practices to ensure that Defendants do not discriminate in the future against Plaintiff and other similarly situated individuals who are deaf or hard of hearing

e. order Defendants to make accessible to individuals who are deaf or hard of hearing all audio and video content on their websites, including by displaying simultaneous captioning;

  f.  order Defendants to train all representatives and employees about Plaintiff's rights and the rights of individuals who are deaf or hard of hearing, as well as provide training on Defendants' policies and procedures for making Defendants' websites accessible;

  g.  award Plaintiff compensatory damages;

  h.  award Plaintiff his attorneys' fees and costs;

  i.  award any and all other relief that this Court finds necessary and appropriate.

JURY TRIAL DEMANDED.

                Respectfully submitted,

By:  s/Michael Steven Stein
    Mary Vargas*
    Michael Steven Stein*
    Martha M. Lafferty*
    Stein & Vargas, LLP
    1155 F Street, NW, Suite 1050
    Washington, DC 20004
    Phone: (202) 559-8609
    Fax: (888) 778-4620
    michael.stein@steinvargas.com
    mary.vargas@steinvargas.com
    martie.lafferty@steinvargas.com

    s/Marc Charmatz
    Marc Charmatz*
    Debra Patkin*
    National Association of the Deaf
    Law and Advocacy Center
    8630 Fenton Street, Suite 820
    Silver Spring, MD 20910
    Phone: (301) 587-7732
    Fax: (301) 587-1791
    marc.charmatz@nad.org
    debra.patkin@nad.org

    *motions to participate pro hac vice*
    *to be submitted after case opened*

<u>s/Kayla A. Bower</u>
Kayla A. Bower, OBA #6543
Joy J. Turner, OBA #18482
Oklahoma Disability Law Center, Inc.
2915 Classen Blvd, Suite 300
Oklahoma City, OK 73106
405-525-7755 (office)
405-525-7759 (fax)
405-409-5761 (Ms. Bower's direct line)
405-409-5759 (Ms . Turner's direct line)
kayla@okdlc.org (Ms. Bower's email)
joy@okdlc.org (Ms. Turner's email)

<u>s/Melissa K. Sublett</u>
Melissa K. Sublett, OBA #14855
Oklahoma Disability Law Center, Inc.
2828 E. 51st St.
302 Interim Plaza
Tulsa, OK 74105
918-743-6220 (office)
918-743-5883 (fax)
918-830-5559 (Ms. Sublett's direct line)
melissa@okdlc.org (Ms. Sublett's email)

*Attorneys for Plaintiff*
