**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHNNY REININGER, JR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-1241-SLP |
| | ) |
| STATE OF OKLAHOMA, *et al.*, | ) |
| | ) |
| Defendant. | ) |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference:  January 30, 2018

Appearing for Plaintiff:  Gary Taylor and Joy Turner of the Oklahoma Disability Law

Center

Appearing for Defendant State of Oklahoma, Oklahoma House of Representatives, and

Speaker of the Oklahoma House of Representatives: Devan A. Pederson and Desiree

Singer of the Oklahoma Attorney General's Office

Appearing for Defendant Oklahoma State Senate and Senate Pro Tempore Mike Schulz:

Sam R. Fulkerson of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

**Jury Trial Demanded X    Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language
   the facts and positions of the parties to inform the judge of the general nature
   of the case.

   **A.    Plaintiff's Statement**

   Plaintiff, a deaf individual, brings this lawsuit against the State of Oklahoma, the

Oklahoma State Senate, Mike Schulz in his official capacity as President Pro Tempore

of the Oklahoma State Senate, the Oklahoma House of Representatives, and Charles A.

McCall, in his official capacity as the Speaker of the House, alleging that they violated

and remain in violation of Title II of the Americans with Disabilities Act (ADA), 42

U.S.C. § 12131 *et seq.* and section 504 of the Rehabilitation Act (RA), 29 U.S.C. § 794.

Defendants stream legislative proceedings online for members of the public to view.

Defendants refuse to caption the audio content of their online streaming, denying

Plaintiff meaningful access to the content of the legislative proceedings. Plaintiff seeks

declaratory and injunctive relief, compensatory damages, and attorneys' fees and costs.

> **B.     Statement of the Oklahoma House of Representatives and the Speaker of the Oklahoma House of Representatives**

Defendants deny that they have violated the ADA or the RA. Defendants assert

that they have provided reasonable accommodations to Plaintiff, including but not

limited to the captioning of House proceedings. Defendants have at all times acted in

good faith with respect to Plaintiff. In addition, because Defendants have violated

neither the ADA nor RA, Plaintiff is not suffering any injury that these statutes are

designed to remedy and therefore lacks standing to bring this lawsuit. In addition,

regarding the ADA claim, because Congress' § 5 enforcement authority under the

Fourteenth Amendment is appropriately exercised only when Congress finds a pattern

of constitutional violations by the states and where the remedy it seeks to impose is

"congruent and proportional" to the targeted violation, Defendants are entitled to

sovereign immunity from Plaintiff's claims as applied to the material facts that will be

shown in this case. *See Bd. of Trustees of U. of Alabama v. Garrett*, 531 U.S. 356, 374

(2001); *Guttman v. Khalsa*, 669 F.3d 1101, 1112 (10th Cir. 2012). Regarding the RA

claim, because Congress may not abrogate a state's sovereign immunity based upon its Article I powers, *see Garrett*, 531 U.S. at 364, and, alternatively, because these defendants are not recipients of federal funds, Defendants are entitled to sovereign immunity from Plaintiff's RA claim. Defendants reserve the right to assert other defenses as this case progresses.

### C.    Statement of the Oklahoma Senate and the President Pro Tempore of the Oklahoma Senate

Defendants deny that either the ADA or the RA has been violated by their actions or inactions. Defendants have provided effective communications to Plaintiff and reasonable accommodations and/or modifications in the form of interpreters.  Any further relief requested by Plaintiff would result in a fundamental alteration in the nature of the service, program, or activity and/or in undue financial and administrative burdens. At all times Defendants have acted in good faith in communicating with Plaintiff and trying to accommodate him.

Plaintiff is not entitled to any damages in this case because Congress did not validly abrogate Oklahoma's sovereign immunity when it passed Title II of the ADA pursuant to its enforcement powers under the Fourteenth Amendment. Based on the specific facts of this case, the test outlined by the Tenth Circuit in *Guttman v. Khalsa*, 669 F.3d 1101 (10th Cir. 2012) cannot be met and thus Oklahoma's sovereign immunity is preserved. And because this case involves special sovereignty interests, including the running of the State of Oklahoma's government, injunctive relief is equally unavailable.

Alternatively, any relief granted would violate the Tenth Amendment.

Finally, because neither the Oklahoma State Senate nor the President Pro Tempore of the Oklahoma State Senate has received federal funds, the RA does not apply here and Plaintiff is entitled to no relief under it. Regardless, the RA did not validly abrogate Oklahoma's sovereign immunity.

Defendants reserve the right to add additional defenses as the case progresses.

**D.    Statement of the State of Oklahoma**

For purposes of this lawsuit, the State of Oklahoma consists of and has acted solely through the other defendants named herein. For this reason the State of Oklahoma is an unnecessary party and should be dismissed from this action. *See Chichakli v. Wyatt*, No. CIV-15-687-D, 2016 WL 4257562, at *2 (W.D. Okla. Aug. 12, 2016) (adding a governmental entity as a party defendant where there are other official-capacity defendants is "unnecessary and repetitive").

2. **JURISDICTION**.   State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

Plaintiff asserts that the Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331. Defendants assert that they are entitled to sovereign immunity from Plaintiff's claims in this action. Defendants previously moved for dismissal of Plaintiff's ADA claim under Rule 12(b)(1) for lack of subject matter jurisdiction.  This Court denied Defendants' Motion to Dismiss on November 9, 2017 (Docket Entry 40).

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

While Defendants deny that the Court has jurisdiction over this claim, Defendants admit that if the Court does have jurisdiction, venue is proper in the Western District of Oklahoma.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

a. <u>Plaintiff</u>: Defendants' failure to provide captioning for the audio content of all live and archived legislative proceedings prevents Plaintiff from accessing Defendants' legislative proceedings online. Hearing individuals can readily access Defendants' legislative proceedings online.  This unequal treatment of Plaintiff is solely due to Plaintiff's disability and is a violation of the ADA and RA. Plaintiff has been injured and suffered emotional pain, suffering, mental anguish, and other nonpecuniary losses including but not limited to denial of the right to participate in the political process and denial of access to publicly available information needed to participate in that process.  Plaintiff seeks all available relief including but not limited to declaratory judgment, injunctive relief, compensatory damages, and attorney's fees and costs.

b. <u>Defendants Oklahoma House of Representatives and Speaker of the House</u>:

Defendants deny that they have violated the ADA or the RA. Defendants assert that they have provided reasonable accommodations to Plaintiff, including but not limited to the captioning of House proceedings. Defendants have at all times acted in good faith with respect to Plaintiff. In addition, because Defendants have violated neither the ADA nor RA, Plaintiff is not suffering any injury that these statutes are designed to remedy and

therefore lacks standing to bring this lawsuit. In addition, regarding the ADA claim, because Congress' § 5 enforcement authority under the Fourteenth Amendment is appropriately exercised only when Congress finds a pattern of constitutional violations by the states and where the remedy it seeks to impose is "congruent and proportional" to the targeted violation, Defendants are entitled to sovereign immunity from Plaintiff's claims as applied to the material facts that will be shown in this case. *See Bd. of Trustees of U. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001); *Guttman v. Khalsa*, 669 F.3d 1101, 1112 (10th Cir. 2012). Regarding the RA claim, because Congress may not abrogate a state's sovereign immunity based upon its Article I powers, *see Garrett*, 531 U.S. at 364, and, alternatively, because these defendants are not recipients of federal funds, Defendants are entitled to sovereign immunity from Plaintiff's RA claim. Defendants reserve the right to assert other defenses as this case progresses.

      c.      Defendants Oklahoma State Senate and President Pro Tempore of the Oklahoma Senate

Defendants deny that either the ADA or the RA has been violated by their actions or inactions. Defendants have provided effective communications to Plaintiff and reasonable accommodations and/or modifications in the form of interpreters.  Any further relief requested by Plaintiff would result in a fundamental alteration in the nature of the service, program, or activity and/or in undue financial and administrative burdens. At all times Defendants have acted in good faith in communicating with Plaintiff and trying to accommodate him.

Alternatively, Plaintiff is not entitled to any damages in this case because Congress did not validly abrogate Oklahoma's sovereign immunity when it passed Title II of the ADA pursuant to its enforcement powers under the Fourteenth Amendment. Based on the specific facts of this case, the test outlined by the Tenth Circuit in *Guttman v. Khalsa*, 669 F.3d 1101 (10th Cir. 2012) cannot be met and thus Oklahoma's sovereign immunity is preserved. And because this case involves special sovereignty interests, including the running of the State of Oklahoma's government, injunctive relief is equally unavailable.

Finally, because neither the Oklahoma State Senate nor the President Pro Tempore of the Oklahoma State Senate has received federal funds, the RA does not apply here and Plaintiff is entitled to no relief under it. Regardless, the RA did not validly abrogate Oklahoma's sovereign immunity.

Alternatively, any relief granted would violate the Tenth Amendment.

Defendants reserve the right to add additional defenses as the case progresses.

d.      Defendant State of Oklahoma:

For purposes of this lawsuit, the State of Oklahoma consists of and has acted solely through the other defendants named herein. For this reason the State of Oklahoma is an unnecessary party and should be dismissed from this action. *See Chichakli v. Wyatt*, No. CIV-15-687-D, 2016 WL 4257562, at *2 (W.D. Okla. Aug. 12, 2016) (adding a governmental entity as a party defendant where there are other official-capacity defendants is "unnecessary and repetitive").

5.     **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

           X Yes,-as applied to the facts of this case.       No

6.     **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

Defendants anticipate filing a motion for summary judgment at or near the conclusion of discovery.

Defendants Oklahoma State Senate and Senate Pro Tempore Mike Schulz also anticipate the filing of a motion to dismiss and/or motion for judgment on the pleadings with respect to the issues of sovereign immunity and/or other legal issues in the case.

7.     **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  □ Yes    X No
If "no," by what date will they be made? February 28, 2018

8.     **PLAN FOR DISCOVERY**.

    A.     The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on January 8, 2018.

    B.     The parties anticipate that discovery should be completed within 7 months.

    C.     In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 4 months

    D.     Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

    X Yes □ No

E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

X Yes □ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

_____

F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

_____

9.    **ESTIMATED TRIAL TIME**:  1 week

10.    **BIFURCATION REQUESTED:** □ Yes  X No

11.    **POSSIBILITY OF SETTLEMENT**:    □ Good  X Fair  □ Poor

12.    **SETTLEMENT AND ADR PROCEDURES**:

A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes    □ No

B.    The parties request that this case be referred to the following ADR process:

□ Court-Ordered Mediation subject to LCvR 16.3
X Judicial Settlement Conference
□ Other
□ None - the parties do not request ADR at this time.

13.    Parties consent to trial by Magistrate Judge?  □ Yes    X No

14.    Type of Scheduling Order Requested.  X Standard  -  □ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 23rd day of January 2018.

 s/Martha M. Lafferty
Martha M. Lafferty
Michael Steven Stein
Mary Vargas
Stein & Vargas, LLP
840 First Street NE, Third Floor
Washington, DC 20002
Phone: (202) 248-5092
Fax: (888) 778-4620
michael.stein@steinvargas.com
mary.vargas@steinvargas.com
martie.lafferty@steinvargas.com

Joy J. Turner
Gary A. Taylor
Oklahoma Disability Law Center, Inc.
2915 Classen Blvd., Suite 300
Oklahoma City, OK 73106
Tel: (405) 409-5759
Fax: (405) 525-7759
joy@okdlc.org
gary@okdlc.org

Melissa K. Sublett
Oklahoma Disability Law Center, Inc.
2828 E. 51st Street, 302 Interim Plaza
Tulsa, OK 74105
Tel: (918) 830-5559
Fax: (918) 743-5883
melissa@okdlc.org

Debra Patkin
National Association of the Deaf
Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
Phone: (301) 587-7732
Fax: (301) 587-1791
debra.patkin@nad.org

*Attorneys for Plaintiff*

/s/ Devan A. Pederson
DEVAN A. PEDERSON, OBA#16576
DESIREE D. SINGER, OBA#33053
Assistant Attorneys General
Oklahoma Office of the Attorney
General Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
T| (405) 522-2931
F| (405) 521-4518
devan.pederson@oag.ok.gov
desiree.singer@oag.ok.gov

*Attorneys for the Defendants State of
Oklahoma, Oklahoma House of Representatives
and Speaker of the Oklahoma House of
Representatives, Charles A. McCall*

/s/ Sam R. Fulkerson
Sam R. Fulkerson, OBA No. 014370
Justin P. Grose, OBA No. 31073
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
101 Park Avenue, Suite 1300
 Oklahoma City, OK 73102
Telephone: (405) 546-3751
Facsimile: (405) 652-1401
sam.fulkerson@ogletree.com
justin.grose@ogletree.com

*Attorneys for Defendants the
Oklahoma State Senate and
President Pro Tempore of the
Oklahoma State Senate, Mike Schultz*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

/s/ Devan A. Pederson
DEVAN A. PEDERSON, OBA#16576
DESIREE D. SINGER, OBA#33053
Assistant Attorneys General
Oklahoma Office of the Attorney General Litigation Section
devan.pederson@oag.ok.gov
desiree.singer@oag.ok.gov

*Attorneys for the Defendants State of
Oklahoma, Oklahoma House of Representatives
and Speaker of the Oklahoma House of Representatives, Charles A. McCall*

/s/ Sam R. Fulkerson
Sam R. Fulkerson, OBA No. 014370
Justin P. Grose, OBA No. 31073
sam.fulkerson@ogletree.com
justin.grose@ogletree.com

*Attorneys for Defendants the Oklahoma State Senate
 and President Pro Tempore of the Oklahoma State Senate, Mike Schultz*

s/Martha M. Lafferty
Martha M. Lafferty
Admitted Pro Hac Vice